NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 08-30419 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 4:07-CR-00013-RRB |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| CHRISTOPHER N. SMITH, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted November 3, 2009[**]
Seattle, Washington

Before:    FERNANDEZ, KLEINFELD, and CLIFTON, Circuit Judges.

Christopher Neil Smith appeals his conviction for conspiracy and possession

with intent to distribute methamphetamine.  21 U.S.C. §§ 841, 846.  We affirm.

Smith asserts that his rights under the Fourth Amendment to the United

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

States Constitution were violated when a package in the mail was inspected and searched. We disagree. There was no delay of delivery beyond the guaranteed delivery time,[1] and there is no privacy interest in the writing on the outside of a package[2] or in the smells it exudes.[3] Moreover, probable cause existed before the package was opened pursuant to a warrant,[4] and the failure of the affidavit in support of the warrant to mention an informant's tip, which helped lead to scrutiny of the outside of the package, was not a misrepresentation. In fact, it was not relevant[5] because that minim fact would support rather than detract from the grounds for the warrant.[6] The district court did not err.

AFFIRMED.

---

[1]See United States v. Jefferson, 566 F.3d 928, 933–35 (9th Cir. 2009); United States v. Quoc Viet Hoang, 486 F.3d 1156, 1162 (9th Cir. 2007).

[2]See Jefferson, 566 F.3d at 933.

[3]See id.; see also Illinois v. Caballes, 543 U.S. 405, 408–410, 125 S. Ct. 834, 837–38, 160 L. Ed. 2d 842 (2005).

[4]See Quoc Viet Hoang, 486 F.3d at 1158, 1162.

[5]See United States v. Johns, 948 F.2d 599, 606–07 (9th Cir. 1991); see also United States v. Elliott, 322 F.3d 710, 714–15 (9th Cir. 2003).

[6]See Johns, 948 F.2d at 607.